PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

FILED

AUG 21 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____CR_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTERN__ DISTRICT OF TEXAS

__AUSTIN__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

JUSTIN PANUS
PETITIONER
(Full name of Petitioner)

FRENCH M. ROBERTSON UNIT — TDCJ
CURRENT PLACE OF CONFINEMENT

vs.

02167693
PRISONER ID NUMBER

1:23CV00999 RP

BRIAN COLLIER
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

☒ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

   368th Judicial District Court, Williamson County, Texas

2. Date of judgment of conviction: 25th October 2017

3. Length of sentence: LIFE

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 16-2610-K368

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   <u>3rd Court of Appeals</u>   Cause Number (if known): <u>03-17-00719-CR</u>

   What was the result of your direct appeal (affirmed, modified or reversed)? <u>AFFIRMED</u>

   What was the date of that decision? <u>30th August 2018</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: <u>admission of extraneous offense; state relied twice on same elemental fact to enhance underlying offense.</u>

   Result: <u>DENIED</u>

   Date of result: <u>16th January 2019</u>   Cause Number (if known): <u>PD-0948-18</u>

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: <u>DENIED</u>

   Date of result: <u>7th October 2019</u>

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: <u>Williamson County/ Court of Criminal Appeals</u>

    Nature of proceeding: <u>Motion 64 DNA Petition</u>

    Cause number (if known): <u>03-20-00099-CR / PD-0113-22</u>

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: 30th December 2019 [MAILBOX RULE]
2nd January 2020 [Docket stamp]

Grounds raised: DNA TESTING of gun

Date of final decision: 18th May 2022

What was the decision? DENIED

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: Texas Court of Criminal Appeals

Nature of proceeding: 11.07 Habeas Corpus

Cause number (if known): WR-94,335-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
25th July 2022 [MAILBOX RULE] - 4th August 2022 [Docket Stamp]

Grounds raised: Ineffective Assistance of Counsel; Unconstitutional application of statute.

Date of final decision: 27th January 2023

What was the decision? Denied

Name of court that issued the final decision: Texas Court of Criminal Appeals

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

(b) Give the date and length of the sentence to be served in the future: _____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** Petitioner received ineffective assistance of trial counsel for misadvice that offense was illegally enhanced from 3rd degree to 1st degree by using the same elemental fact to both prove an element of the offense and enhance to a greater offense, resulting in Petitioner's rejection of the State's plea deal

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner asserts that he received ineffective assistance of trial counsel for misadvice about the validity of counsel's legal theory resulting in the rejection of the states 40 year plea deal (8 R.R. 4). Counsels entire trial strategy was hunged upon the legal theory that the same elemental fact cannot be used as an element of the offense and also to enhance the offense to a greater offense. According to counsel's legal theory, Petitioner was illegally enhanced to a 1st degree felony because the evidence at trial established that only one

[See page 6a].

B. **GROUND TWO:** Petitioner received ineffective assistance of trial counsel by: a) basing entire trial strategy upon untested, meritless legal theory; b) conceding petitioner's guilt through trial strategy; c) advising Petitioner not to testify; d) failing to present mitigation evidence to support Petitioner's "state of mind" defense.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioners desired defense was that he did not exhibit the necessary mens rea to be found guilty of aggravated kidnapping because he was attempting to rescue the complainant from, what he perceived to be, imminent danger to complainant from the abuse of Matthew Gauthier and her being held against he will. The record supports the fact that had Petitioner testified about his state of mind (i.e. that complainant was in imminent danger) the evidence showing that Gauthier had been extremely abusive not only to complainant but also her children and

[See page 6 a]

—6—

GROUND ONE - continued

firearm was involved in the incident and this firearm was improperly used to enhance the offense twice: first, to raise the restraint in this case to a 3rd degree kidnapping, and then to enhance the kidnapping to a 1st degree aggravated kidnapping.

Therefore, when the State offered a 40 year plea deal, it exceeded the amount of prison time that Petitioner was told by counsel he could legally receive when the offense was reduced to the correct 3rd degree (2-10 years). Thus, based upon the legal advice of counsel, Petitioner rejected the State's offer.

The underlying issue is this: Counsel's trial strategy proved to be an untested, meritless legal theory. There was an absolute darth of supporting cases, and the theory was ultimately to fail. This fact was unbeknown to Petitioner who believed counsel's advice on the law was sound. Petitioner was essentially a guinea pig to test counsel's legal theory.

Had Petitioner known that counsel's strategy was merely a theory that was untested, Petitioner would have taken the more prudent and far less risky course by accepting the State's plea bargain.


GROUND TWO - continued

the dog, would have been admissible to establish mens rea (i.e. why Petitioner thought complainant was in imminent danger). This abuse would have been further supported by the complainant's own mother and by the numerous text messages about such between the complainant and Petitioner (See, 10 R.R. 19; 10 R.R. 21). However, defense counsel highly advised Petitioner not to testify because they believed it would harm their trial strategy (See, 12 R.R. 26-27). Instead, counsel assured Petitioner taht they could forego the 'State of Mind' defense because there was no possibility of being convicted because the State was attempting to use the same elemental fact to both raise the restraint to a 3rd degree and then to enhance the kidnapping to a 1st degree aggravated kidnapping, and this, according to counsel, was legally impossible.

Petitioner's decision not to take the stand was based upon counsel's advice. That advice was premised entirely upon counsel's meritless legal theory. By abandoning Petitioner's Mens Rea defense, the mitigating evidence of Gauthier's abuse was not admissible

Counsel's trial strategy further conceded Petitioner's guilt. This is because it required Petitioner to be found guilty of something (i.e. 3rd degree felony kidnapping). While, Petitioners desired defense did not concede guilt because it directly challenged the mens rea element necessary to be found guilty of any charged offense. Petitioner expressed to counsel on numerous occasions that he did NOT want to concede guilt. Counsel overrode Petitioner's desire to proclaim his innocence by providing misadvice about the validity of the their trial strategy.

The State habeas court held that counsel's decision not to pursue Petitioners offered mens rea defense was made "after considering the witnesses and evidence available to support the proposed defense theory" (FFCL, point 50). However, as Petitioner will show, there was ample independent evidence to support Petitioners mens rea defense, and that counsels stated reason as to why he rejected such a defense are meritless and conflict with the facts established in the habeas record. Specifically, Petitioner did NOT plead guilty (nor was he convicted) to any kidnapping in Wisconsin as counsel claims; and there is independent evidence in the form of text messages and testimony from complainants mother that Gauthier was abusive to the complainant and her children – again, contrary to counsel's statemenst that no such independent evidence existed.

C. **GROUND THREE:** In the alternative, if the Court finds that Counsel's legal theory was actually meritorious, Petitioner presents an "as applied" challenge to the constitutionality of Texas Penal Code 20.04

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The evidence at trial established only one firearm was used during the commission of the alleged offense. Therefore, that one firearm has been improperly used to enhance the offense twice; first to raise the restraint to a 3rd degree kidnapping, and then again to enhance the kidnapping to a 1st degree aggravated kidnapping. The evidence is therefore insufficient to support an aggravated kidnapping conviction, and the Court should have sentenced Petitioner within the range of a 3rd degree. As such, Texas Penal Code 20.04 was unconstitutionally applied to Petitioner.

D. **GROUND FOUR:** If the Court finds that such an "as applied" challenge should have been preserved in trial court and/or raised on direct appeal, Petitioner presents an ineffective assistance of trial/appellate counsel for failing to timely object to preserve claim and/or failure to present claim on direct appeal.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner asserts by reference all claims, arguments and authorities as presented at GROUND THREE.

Petitioner was prejudiced by counsel's failure to preserve claim through the missed opportunity of litigating a meritorious claim on direct appeal. Had the claim been preserved and presented on direct appeal, there is a reasonable probability that the appeal would have been successful.

21. Relief sought in this petition: Overturn Petitioners conviction and sentence.

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: __James Gerard Mcdermott and William Todd Ver Weire__

   (b) At arraignment and plea: __as above__

   (c) At trial: __as above__

   (d) At sentencing: __as above__

   (e) On appeal: __Kristen Jernigan__

   (f) In any post-conviction proceeding: __Pro Se__

 (g)  On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Petitioners conviction became final on 7th October 2019 when the Supreme Court denied review of his Direct Appeal.
The AEDPA clock ran for **85 days** until Petitioner placed his Motion 64 DNA Petition in the Unit Mailbox on 30th December 2019 [MAILBOX RULE]. This tolled the AEDPA clock until 18th May 2022 when the PDR on this DNA Petition was denied.
The AEDPA clock ran another **68 days** until Petitioner placed his 11.07 Habeas Corpus in the Unit Mailbox on 25th July 2022 [MAILBOX RULE].
The Habeas Application was denied on 14th December 2022. Petitioner immediately filed a Motion To Reconsider which was denied on 27th January 2023 - however, Petitioner did not receive notice from the Court of said denial (see attached affidavit).
The AEDPA clock ran another **200 days** until Petitioner finally found out that his Motion To Reconsider was denied via an eMessage from a friend on 15th August 2023.
That same day (15th August 2023) Petitioner placed his 2254 Habeas Corpus in the Unit Mailbox. Petitioners AEDPA clock ran a total of **353 days**, thus this petition for Habeas Corpus is timely filed.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

____August 15th, 2023_____ (month, day, year).

Executed (signed) on ___15th August 2023_____ (date).

_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address:   Justin Panus #02167693, Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601

—10—